UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20851-CR-Lenard

UNITED STATES OF AMERICA

v.

SCARLET DUARTE,

    Defendant.

## GOVERNMENT'S RESPONSE TO MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR COLLATERAL RELIEF

The United States respectfully opposes defendant Scarlet Duarte's pro se letter motion (D.E. 442) for an extension of time to file a motion for collateral relief.

Duarte was convicted by a jury of one count of conspiracy to launder money and five counts of money laundering. On February 19, 2010, this Court sentenced her to 97 months' incarceration, three years' supervised release, and a $600 special assessment. On January 7, 2011, the court of appeals affirmed Duarte's conviction. On January 21, 2011, Duarte moved for panel rehearing, a motion that the court of appeals denied on February 28, 2011. Duarte did not petition for certiorari.

In her motion, Duarte states that her attorney, Maria Elena Perez, has not yet filed a motion for collateral review pursuant to 28 U.S.C. § 2255, but that Perez told Duarte's mother that the attorney will "take care of everything." In addition, Duarte states that she is waiting for the results of a request she has made pursuant to the Freedom of Information Act. Explaining that, by

her calculation, her motion for collateral review was due on March 8, 2012,[1] Duarte requests a "90 day extension to file the 2255." The Court should deny Duarte's motion.

In the first place, the Court does not have jurisdiction to extend the time to file a motion for collateral review in advance of the actual filing of the motion, because, until the motion is filed, no case or controversy yet exists. *See United States v. White*, 257 F. App'x. 608, 609 (4th Cir. 2007); *United States v. Daniels*, 191 F. App'x. 622, 622 (10th Cir. 2006); *United States v. McFarland*, 125 F. App'x. 573, 574 (5th Cir. 2005); *United States v. Moore*, 56 F. App'x. 686, 687 (6th Cir. 2003); *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000). Instead, the proper procedure is for the defendant to file her motion for collateral review, and, if the motion is out of time, to request equitable tolling of the statute of limitations. *See United States v. Taste*, ___ F. Supp. 2d ___-, ___, 2011 WL 7047041, *1 (S.D. Ohio 2011). Of course, the government does not suggest that any such tolling will be appropriate in Duarte's case; we merely set forth the proper procedure by which to request it.

Although the jurisdictional defect in Duarte's motion is dispositive, Duarte's filing also violates Local Rule 11.1(d)(4), which prohibits represented parties from filing pro se motions.

---

[1] Contrary to Duarte's concerns, it appears that Duarte's calculations are incorrect, and that her time to move for collateral review has not yet expired. With certain exceptions, section 2255 requires a defendant to file a motion for collateral review within one year of the date on which her judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Where a defendant appeals but does not petition for certiorari, her judgment becomes final when her time to petition for certiorari expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). A defendant's time to petition for certiorari expires 90 days from the entry of the court of appeals' judgment. In Duarte's case, the court of appeals denied Duarte's motion for reconsideration on February 28, 2011. Duarte's time to petition for certiorari expired 90 days later, on May 29, 2011. Accordingly, Duarte probably has until May 29, 2012 to file a motion for collateral review. However, the Court need not address this question, because Duarte's motion for extension of time should be denied regardless of whether her time to file a motion for collateral review has expired.

William Norris, Duarte's counsel of record in this case (Case No. 08-20851-CR), has never moved to withdraw, nor has Duarte moved to represent herself. Her motion for extension of time indicates she has hired Maria Elena Perez to represent her. But regardless of the identity of Duarte's counsel, she is prohibited from attempting to represent herself while also represented by counsel.

Furthermore, leaving aside both the Court's subject-matter jurisdictional and the local rule, Duarte's letter does not raise any valid ground to toll the section-2255 period of limitations. Equitable tolling of the one-year period is appropriate "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Duarte has asserted no such facts.

WHEREFORE, the government respectfully recommends that the Court deny Duarte's motion.

                                        Respectfully submitted,

                                        WIFREDO A. FERRER
                                        UNITED STATES ATTORNEY

                        By:    s/ Marc Osborne
                                Assistant United States Attorney
                                Court ID# A5500796
                                500 S. Australian Avenue, Suite 400
                                West Palm Beach, Florida 33401
                                Tel: (561) 209-1014
                                marc.osborne@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2012, I will electronically file the foregoing with the Clerk of the Court, and that I will cause a copy to be mailed first class to the following:

SCARLET DUARTE, 81409-004
FCI COLEMAN MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1032
COLEMAN, FL 33521

Maria Elena Perez
145 Madeira Ave Ste 310
Coral Gables, Florida 33134-4520

                                              s/ Marc Osborne
                                              Assistant United States Attorney