JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SCARLET DUARTE

## DEFENDANTS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **MIAMI-DADE COUNTY**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SCARLET DUARTE, REG. NO. 81409-004
COLEMAN CAMP
PO BOX 1027 COLEMAN, FLORIDA 33521

Attorneys *(If Known)*
ASSISTANT UNITED STATES ATTORNEY MARC OSBORNE
99 NE 4TH STREET
MIAMI FLORIDA

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      *(U.S. Government Not a Party)*

☒ 2  U.S. Government
      Defendant

☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☒ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 UNITED STATES CODE SECTION 2255

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*  JUDGE  JOAN A. LENARD      DOCKET NUMBER  08-CR-20851

DATE
05/27/2012

SIGNATURE OF ATTORNEY OF RECORD
SCARLET DUARTE, PRO SE LITIGANT, REG. NO. 81409-004

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody

## (Motion Under 28 U.S.C. § 2255)

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

   Clerk, United States District Court for _____
   Address
   City, State  Zip Code

9. **<u>CAUTION</u>: You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **<u>CAPITAL CASES</u>: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**

**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District | SOUTHERN DISTRICT OF FLORIDA |
|---|---|---|
| Name (under which you were convicted):<br>SCARLET DUARTE | | Docket or Case No.:<br>08-CR-20851 |
| Place of Confinement:<br>COLEMAN, FLORIDA | | Prisoner No.:<br>81409-004 |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted)<br>SCARLET DUARTE |
| | v. | |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA
   THE HONORABLE JUDGE JOAN A. LENARD
   400 NORTH MIAMI AVENUE, MIAMI, FLORIDA 33128

   (b) Criminal docket or case number (if you know): 08-CR-20851

2. (a) Date of the judgment of conviction (if you know): 2/24/2010

   (b) Date of sentencing: 2/19/2010

3. Length of sentence: 97 MONTHS INCARCERATION, FOLLOWED BY 3 YRS. PROBATION

4. Nature of crime (all counts):

   CONSPIRACY TO DEFRAUD THE UNITED STATES
   MONEY LAUNDERING
   MONEY LAUNDERING
   MONEY LAUNDERING

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑   (2) Guilty ☐   (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ☑   Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☑   No ☐

8. Did you appeal from the judgment of conviction?   Yes ☑   No ☐

9. If you did appeal, answer the following:

    (a) Name of court:   ELEVENTH CIRCUIT COURT OF APPEALS

    (b) Docket or case number (if you know):   10-11126-BB

    (c) Result:   CONVICTION AFFIRMED, APPEAL DENIED.

    (d) Date of result (if you know):   3/8/2011

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    CHALLENGED: SUFFICIENCY OF THE EVIDENCE TO SUPPORT CONVICTION; CALCULATION
    OF THE BASE OFFENSE LEVEL; SOPHISTICATED MEANS ENHANCEMENT; OBSTRUCTION
    OF JUSTICE ENHANCEMENT; REASONABLENESS OF SENTENCE.

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑

        If "Yes," answer the following:

        (1) Docket or case number (if you know):   N/A

        (2) Result:
        N/A

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

        N/A

10. Other than the direct appeals listed above, have you previously filed any other motions,
    petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐   No ☑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:   N/A

        (2) Docket or case number (if you know):   N/A

        (3) Date of filing (if you know):

(4) Nature of the proceeding:   N/A

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:   N/A

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:   N/A

(2) Docket or case number (if you know):   N/A

(3) Date of filing (if you know):

(4) Nature of the proceeding:   N/A

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:   N/A

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:       Yes ❑   No ❑

(2) Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly
why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States. Attach additional pages if you have more
than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

INEFFECTIVE ASSISTANCE OF COUNSEL DURING PLEA NEGOTIATION STAGES

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel provided ineffective assistance of legal counsel during the plea-negotiation stages by
failing to investigate and adequately review the U.S. Government's Evidence and Discovery and by
thereafter advising Ms. DUARTE the U.S. Government's discovery failed to prove Ms. DUARTE did in
fact know about the Medicare fraud conducted by Luis Fernandez, the owner of Project New Hope,
and therefore, according to trial counsel, the U.S. Government would be unable to prove Ms.
DUARTE was guilty of money laundering. Based upon the incorrect information provided by trial
counsel, and upon which Ms. DUARTE reasonably relied, Ms. DUARTE involuntarily elected to go to
trial. Trial counsel likewise provided ineffective legal assistance during the plea negotiation stages by
providing Ms. DUARTE with incorrect information regarding the United States Sentencing Guidelines
and how said Guidelines would impact her case in the event of a guilty plea or conviction. In
particular, trial counsel advised Ms. DUARTE she would have the same sentencing exposure if she
pled guilty or went to trial and was convicted of EITHER money laundering or tax evasion. As a direct
and proximate cause of the misinformation provided by trial counsel, and but for the incorrect legal
advice proffered by trial counsel, Ms. DUARTE would have entered a guilty plea and would not have
elected to go to trial. Ms. DUARTE was significantly prejudiced by trial counsel, as she was
sentenced to 97 months, rather than 46-57 months incarceration.(CONT'D SEE ATTACHED MEMO).

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate counsel advised issues of ineffective assistance of counsel were not to be raised on
direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND TWO:**

INEFFECTIVE ASSISTANCE OF COUNSEL DURING TRIAL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Trial counsel provided ineffective legal assistance during trial by failing to adequately impeach the government's witnesses, such as Claudia Velasquez, Maria Loriga, and Francisco Falcon, with their prior testimony and by likewise failing to subpoena and call as witnesses certain individuals, such as Lori Sanchez, the latter whom would have corroborated Ms. DUARTE's defense at trial. As a result of the ineffective legal assistance Ms. DUARTE received during trial, and/or but for trial counsel's unprofessional errors, the result of the proceedings would have been different. More specifically, during the course of trial it was Ms. DUARTE's position that she had engaged in conduct consistent with tax evasion and not money laundering. Moreover, there were a number of co-defendants, some of whom were not indicted, and who engaged in the same exact type of conduct as Ms. DUARTE, but who maintained they were not guilty of money laundering. As an example, Lori Sanchez and Claudia Velasquez both cashed checks at the behest of an individual named Diana Sotto. And, the latter two individuals testified that when they cashed checks, they did so with the understanding they were assisting a company to evade taxes, and not launder criminally derived proceeds. During the course of Diana Sotto's trial, the government called witness Lori Sanchez, the latter who testified consistent with Ms. Duarte's defense at trial. However, the government did not call Lori Sanchez to testify at Ms. DUARTE's trial, but instead called Claudia Velasquez. Trial counsel failed to impeach these witnesses and likewise call his own independent witnesses to corroborate Ms. DUARTE;'s defense at trial. CONT

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ✔

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate counsel advised issues of ineffective assistance of counsel were not to be raised on direct appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑    No ✔

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:  N/A

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):  N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏    No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏    No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ground One and Two above have not been raised in any federal court. And, the reason for the latter is that appellate counsel advised issues of ineffective assistance of counsel were not to be raised on direct appeal.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ❏   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

Allan B. Kaiser, 111 N.E 1st Street, Suite 902, Miami, Florida 33132

(b) At arraignment and plea:

William Norris, 8870 SW 62nd Terrace, Miami, Florida 33173

(c) At trial:

William Norris

(d) At sentencing:

Nelson Rodriguez-Varela, 1190 S. Le Jeune Road, Miami, Florida 33134.

(e) On appeal:

Ivy R. Ginsberg, 3610 Yacht Club Drive, Suite 605, Aventura, Florida 33180

(f) In any post-conviction proceeding:

N/A

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:


(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period
shall run from the latest of —
(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in
violation of the Constitution or laws of the United States is removed, if the movant was
prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if
that right has been newly recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been
discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Grant the Defendant, Petitioner, Ms. SCARLET DUARTE, a New Trial, or likewise place Ms. DUARTE in the position she would have been prior to trial counsel's material errors.

or any other relief to which movant may be entitled.

                                                          /s/ SCARLET DUARTE, PRO SE

                                                          Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

                      (month, date, year).

Executed (signed) on _____ 5/27/2012 _____ (date).

                                                          /s/ SCARLET DUARTE

                                                          Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Ms. DUARTE IS INCARCERATED AND HAS NOT PROVIDED RESPONSIVE CORRESPONDENCE AND THEREFORE, IN THE INTEREST OF JUSTICE, THE INSTANT MOTION TO VACATE HAS BEEN FORWARDED TO THE COURT WITH THE ELECTRONIC SIGNATURE OF THE MOVANT.